**LITTLER MENDELSON, P.C.**
Ivan R. Novich, Esq. (Bar No. 038311996)
inovich@littler.com
One Newark Center, 8th Floor
Newark, New Jersey 07102
Tel. 973.848.4700

Attorneys for Defendants
Dental Dreams, LLC, Sameera Hussain, DMD,
Brenna Brutzkus and Jennifer Kight

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JESSIE EUNSO LEE,<br><br>                    Plaintiff,<br><br>vs.<br><br>SAMEERA HUSSAIN, DMD d/b/a DENTAL DREAMS; BRENNA BRUTZKUS; JENNIFER KIGHT; XYZ CORPS. 110; JANE DOES nos. 1-10 (fictitious),<br><br>                    Defendants. | Civil Action No. 2:23-cv-3963<br><br>**NOTICE OF REMOVAL**<br><br>**<u>Electronically Filed</u>** |

Defendants Dental Dreams, LLC,[1] Sameera Hussain, DMD, Brenna Brutzkus and Jennifer

Kight Henriquez (formerly Jennifer Kight) (Hussain, Brutzkus, and Kight Henriquez, "Individual

Defendants") (collectively, "Defendants"), by and through their undersigned counsel and pursuant

to 28 U.S.C. § § 1332(a), 1441 and 1446, hereby submit this Notice of Removal of this action to

the United States District Court for the District of New Jersey from Superior Court of New Jersey,

Bergen County – Law Division, where the action is now pending. In support of their Notice of

Removal, Defendants state as follows:

---

[1] Incorrectly identified in the Complaint as Sameera Hussain, DMD d/b/a Dental Dreams.

## I.     PROCESS, PLEADINGS, AND ORDERS

1.     On June 15, 2023, Plaintiff Jessie Eunso Lee ("Plaintiff") filed a Complaint in the Superior Court of New Jersey, Bergen County, docketed as BER L 003130-23 (the "State Court Action"). Attached as **Exhibit A** is a copy of Plaintiff's Complaint and Civil Case Information Sheet attached thereto.

2.     In the Complaint, Plaintiff alleges whistleblower claims, discrimination, retaliatory withholding of benefits and constructive discharge and retaliation in violation of the New Jersey Law Against Discrimination ("NJLAD"), N.J.S.A. 10:5-12(d), and New Jersey Conscientious Employee Protection Act ("NJCEPA"), N.J.S.A. 34:19-3, and the New Jersey Paid Sick Leave Act ("NJPSLA"), 34:11D-4(a). Plaintiff further seeks a declaratory judgment "voiding an unduly punitive liquated damages provision." Specifically, Plaintiff alleges that she was retaliated against and ultimately terminated for reporting "violations of regulated clinical/dental/hygienic/medical standards and conditions, along with other statutes and legislation, in the Company's business operations and conduct" and Defendants' "practice of altering, fabricating, and falsifying business records." *See generally* Ex. A. Plaintiff further alleges that she was discriminated against and subject to a hostile work environment based on her race (Korean descent). *Id*. Plaintiff also brings common claims for breach of contract. *Id.*

3.     On June 27, 2023, Dental Dreams was served a copy of the Summons and Complaint along with the Civil Case Information Statement. *See* Ex. A; attached as **Exhibit B** is the Summons; attached as **Exhibit C** is the Affidavit of Service that Plaintiff uploaded to the electronic docket in the State Court Action.

4.     On July 20, 2023, counsel for the Individual Defendants accepted service on their behalf.

5.      Attached as **Exhibit D** is the Track Assignment Notice and attached as **Exhibit E** is the case jacket and current docket report, all of which have been retrieved from the electronic docket in the State Court Action.

6.      The aforementioned documents constitute all "process, pleadings and orders" served upon Dental Dreams in the State Court Action pursuant to 28 U.S.C. § 1446(a).

## II.     TIMELINESS OF REMOVAL

7.      This Notice of Removal is timely filed within thirty (30) days of July 20, 2023, the date on which service was effectuated, as required by 28 U.S.C. § 1446(b).

8.      This Notice of Removal is also filed within one year of the commencement of the State Court Action, and is therefore timely under 28 U.S.C. § 1446(c)(1).

## III.    VENUE

9.      Under 28 U.S.C. §§ 110, 1391 (b)(2), and 1441(a), venue is proper in the United States District Court for the District of New Jersey, insofar as Bergen County, which is where Plaintiff filed the instant action, is within the district and embraced by this Court.[2]

## IV.     GROUNDS FOR REMOVAL

10.     Defendants remove this action based on diversity subject matter jurisdiction under 28 U.S.C. § 1332.

### A.     The Parties Are Diverse

11.     For diversity purposes, an individual is a citizen of the state in which he or she is domiciled with the intent to remain. *Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179, 182 (3d Cir. 2008). To be domiciled in a state, a person must reside there and intend to remain indefinitely. *See Krasnov v. Dinan*, 465 F.2d 1298, 1300-01 (3d Cir. 1972). A person may only have one domicile,

---

[2] Defendants reserve their right to contest venue in their responsive pleading pursuant to Rule 12 of the Federal Rules of Civil Procedure.

and thus, may be a citizen of only one state for diversity jurisdiction purposes. *See Williamson v. Osenton*, 232 U.S. 619, 625 (1914).

12.     Plaintiff is an individual, and in her Complaint, she alleges that she is a resident of the State of New Jersey. *See Exh.* A., Compl., at ¶ 3. Thus, for purposes of assessing diversity jurisdiction under 28 U.S.C. § 1332, Plaintiff is a citizen of New Jersey. *See Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (stating that a "natural person" is "deemed to be a citizen of the state" in which he is "domiciled") (citing *Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179, 182 (3d Cir. 2008)).

13.     As of the time when Plaintiff filed her Complaint, and as of the time of this removal, Defendant Dental Dreams, LLC was and is a corporation. For purposes of diversity jurisdiction, a corporation is deemed to be a citizen of the state in which it was incorporated and the state where it has its principal place of business or where the corporation is headquartered. 28 U.S.C. § 1332(c)(1). A corporation's principal place of business is its "nerve center" – the place "where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 130 S.Ct. 1181, 1192 (2010).

14.     Dental Dreams is incorporated in Massachusetts, with a principal place of business in Plymouth County, Brockton, Massachusetts.

15.     Accordingly, Dental Dreams is a citizen of Massachusetts for diversity purposes. *See* 28 U.S.C. §§1332(a)(2), (c)(1).

16.     Defendant Sameera Hussain, D.M.D. is an individual residing in the State of Illinois.

17.     Defendant Brenna Brutzkus is an individual residing in the State of Illinois.

18.     Defendant Jennifer Kight is an individual residing in the state of New Hampshire.

-4-

19.    In determining whether a civil action is removable under 28 U.S.C. § 1332(a), "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. §1441(b)(1). Therefore, the citizenship of "XYZ Corps. 1-10" and "Jane Does 1-10," shall be disregarded under 28 U.S.C. §1441(b)(1).

20.    Because Plaintiff and Defendants are citizens of different states, complete diversity of citizenship exists between the parties.

**B.    The Amount in Controversy Exceeds $75,000**

21.    When removal is based upon diversity of citizenship and the plaintiff does not plead a demand for a specific sum, "the notice of removal may assert the amount in controversy," and the removing defendant need only establish it as more likely than not that the amount exceeds the jurisdictional minimum. *See* 28 U.S.C. § 1446(c)(2); *see also Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88 (2014) ("[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.").

22.    The Complaint does not set forth an amount in controversy or any sort of monetary demand. Where removal is based on diversity of citizenship and the initial pleading seeks a money judgment but does not demand a specific sum, "the notice of removal may assert the amount in controversy" and need only establish that it is more likely than not that the amount in controversy exceeds the jurisdictional amount of $75,000. *See* 28 U.S.C. § 1446(c)(2).

23.    For jurisdictional purposes, "determining the amount in controversy begins with a reading of the complaint filed in the state court." *See Samuel- Basset v. Kia Motors America, Inc.,* 357 F. 3d 392, 398 (3d Cir. 2004). The Court, however, does not merely accept a plaintiff's contentions regarding the amount in controversy, but is required to analyze the legal claims to

determine if a plaintiff's actual monetary demands exceed the $75,000 threshold. *Morgan v. Gay*, 471 F.3d 469, 474-75 (3d Cir. 2006).

24.     Here, while Dental Dreams disputes Plaintiff's allegations and denies liability, the amount in controversy exceeds the $75,000 jurisdictional requirement under 28 U.S.C. § 1332(a), exclusive of interest and costs. As set forth in the Complaint, Plaintiff seeks compensatory damages, statutory damages, front pay, back pay, punitive damages and attorney's fees. *See* Exh. A, at WHEREFORE clauses.

25.     A reasonable reading of the Complaint suggests the amount in controversy here is in excess of $75,000. *See Angus v. Shiley, Inc.*, 989 F. 2d 142, 146 (3d Cir. 1993) ("where plaintiff does not set a limit for damages, the Court should make a reasonable reading of the value of the claim that plaintiff has asserted and come to an independent valuation of the amount plaintiff has claimed").

26.     *First*, Plaintiff seeks recovery for back pay and front pay based on Dental Dreams' alleged termination of her employment. As of the date Plaintiff resigned her employment in June 2023, under her contract of employment with Dental Dreams, Plaintiff was to earn at least $195,000 in annual compensation. Thus, if she were to prevail, there is a reasonable probability that Plaintiff's economic damages through the likely date of judgment will exceed $75,000.

27.     A jury could also award Plaintiff non-economic compensatory damages for emotional distress, which could add to this figure significantly. *See, e.g., Klawitter v. City of Trenton*, 395 N.J. Super. 302, 335-36 (App. Div. 2007) (affirming an award of $79,538 in damages for emotional distress); *see also Maiorino v. Schering-Plough Corp.*, 302 N.J. Super. 323 (App. Div. 1997) (affirming an award of compensatory damages that included $55,000 for emotional distress).

28.     *Second*, Plaintiff seeks attorneys' fees and costs, which must be taken into account when determining whether the amount in controversy is met. *Suber v. Chrysler Corp.*, 104 F.3d 578, 585 (3d Cir. 1997) (holding that "attorney's fees are necessarily party of the amount in controversy if such fees are available to successful plaintiffs under the statutory cause of action"); *Raspa v. The Home Depot*, 533 F. Supp. 2d 514, 522 (D.N.J. 2007) (stating that attorneys' fees "alone can exceed six figures.") Because attorney's fees are recoverable under both the NJLAD and NJCEPA, they are necessarily part of the amount in controversy. *See* N.J.S.A. 10:5-27.1; N.J.S.A. 34:19-5(e).

29.     *Third*, Plaintiff seeks punitive damages. The Third Circuit Court of Appeals has stated that punitive damages should be incorporated into the amount in controversy calculation, and has further stated that claims for punitive damages should be "aggregated" with requests for compensatory damages. *See, e.g.*, *Golden v. Golden*, 382 F.3d 348, 355 (3d Cir. 2004) ("[A] request for punitive damages will generally satisfy the amount in controversy requirement because it cannot be stated to a legal certainty that the value of the plaintiff's claim is below the statutory minimum."); *see also Goralski v. Shared Techs, Inc.*, Civ. A. No. 09-2461, 2009 WL 2460752, at *5 (D.N.J. Aug. 7, 2009) (same); *Raspa*, 533 F. Supp. 2d at 522 (nothing that even on its own, "a request for punitive damages will generally satisfy the amount in controversy requirement.")

30.     Consequently, the requirements of 28 U.S.C. § 1332(a) have been met in that the amount in controversy exceeds $75,000, exclusive of interests and costs, and because this is a civil action between citizens of different states.

31.     The United States District Court, therefore, has diversity jurisdiction over this matter.

32.     Accordingly, this action may be removed to this Court pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446.

## V.     NOTICE TO PLAINTIFF AND STATE COURT

33.     Pursuant to 28 U.S.C. § 1446(d), upon filing this Notice of Removal, Defendants gave written notice thereof to Plaintiff's counsel, Joshua S. Lim, Esq., Kim, Lim & Partners, 460 Bergen Boulevard, Suite 305, Palisades Park, New Jersey 07650.

34.     Defendants also filed a copy of this Notice of Removal with the Clerk, Superior Court of New Jersey, Law Division, Bergen County, pursuant to 28 U.S.C. § 1446(d).

35.     By filing this Notice of Removal, Defendants do not waive any objections or defenses available at law, in equity, or otherwise. Defendants intend no admission of fact or law by this Notice and expressly reserves all defenses and motions.

36.     If the Court should be inclined to remand this action, Defendants respectfully request that the Court issue an Order to Show Cause why the case should not be remanded, providing Defendants with an opportunity to present briefing and argument prior to any possible review. Because a remand order is not subject to appellate review, such a procedure is appropriate.

37.     This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11, as required by 28 U.S.C. § 1446(a).

## VI.     RELIEF REQUESTED

WHEREFORE, Defendants Dental Dreams, LLC, Sameera Hussain, DMD, Brenna Brutzkus and Jennifer Kight respectfully request that this case be removed to the United States District Court for the District of New Jersey, that this Court accept jurisdiction of this action, and that this action be henceforth placed on the docket of the Court for all further proceedings as though the same action had been originally instituted and commenced in this Court.

Dated: July 25, 2023

**LITTLER MENDELSON, P.C.**
Attorneys for Defendants, Dental Dreams, LLC, Sameera Hussain, DMD, Brenna Brutzkus and Jennifer Kight,

By: */s/ Ivan R. Novich*
Ivan R. Novich, Esq. (Bar No. 038311996)
inovich@littler.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 25th day of July, 2023 a copy of the foregoing Notice of Removal was filed electronically through the ECF system, is available for viewing and downloading from the ECF system and will be sent to Plaintiff's counsel via Federal Express and email to:

Joshua S. Lim, Esq.
John Chen, Esq.
Kim, Lim & Partners
460 Bergen Boulevard, Suite 305
Palisades Park, New Jersey 07650
joshualim@kcllawfirm.com
johnchen@kcllawfirm.com

*/s/ Ivan R. Novich*
Ivan R. Novich, Esq. (Bar No. 038311996)

4867-9631-9346.3 / 079877-1000

-10-

# EXHIBIT A

**KIM, LIM & PARTNERS**
Joshua S. Lim, Esq. (ID 020422004)
460 Bergen Boulevard, Suite 305
Palisades Park, New Jersey 07650
Tel.: 201-585-7400
*Attorneys for Plaintiff*

|  |  |
|---|---|
| JESSIE EUNSO LEE,<br><br>    *Plaintiff,*<br><br>  *v.*<br><br>SAMEERA HUSSAIN, DMD d/b/a Dental Dreams; BRENNA BRUTZKUS; JENNIFER KIGHT; XYZ CORPS. 110; JANE DOES nos. 1-10 (fictitious);<br><br>    *Defendants.* | SUPERIOR COURT OF NEW JERSEY,<br>LAW DIVISION: BERGEN COUNTY<br>DOCKET NO.: BER-L-_____-23<br><br>CIVIL ACTION<br><br>**COMPLAINT AND JURY DEMAND** |

  Plaintiff, JESSIE EUNSO LEE, by and through her attorneys, Kim, Cho & Lim, LLC, complaining of defendants, hereby avers as follows:

## NATURE OF THE ACTION

  1. This is primarily an employment-related case, wherein the employer engaged in a series of unlawful employment and dental practices on which a dentist blew the whistle. In response, she has been subjected to systematic discrimination and retaliatory withholding of benefits, and other actions such as failing to reimburse malpractice premiums, all of which inflicted great mental anguish and stress to the point where she had to be admitted to ER and has been medically diagnosed with post-traumatic stress and depression, then told she was not entitled to sick pay.

  2. More particularly, Plaintiff brings this action against her former employer, defendant Sameera Hussain d/b/a Dental Dreams LLC, Brenna Brutzkus, and Jennifer Kight [sic]

1

for constructive termination and retaliation in violation of the New Jersey Conscientious Employee Protection Act ("CEPA"), *N.J.S.A.* 34:19-3, the New Jersey Paid Sick Leave Act ("PSLA"), *N.J.S.A.* 34:11D-4(a) and the New Jersey Law Against Discrimination ("LAD"), *N.J.S.A.* 10:5-12(d), and a declaratory judgment voiding an unduly punitive liquidated damages provision as an unenforceable and unconscionable penalty.

## PARTIES

3.      Plaintiff Jessie Eunso Lee, DDS ("Plaintiff") is an individual residing at 49A West Hardwood Terrace, in the Borough of Palisades Park, State of New Jersey and was formerly employed by Defendants as a dentist.

4.      Defendant Sameera Hussain, DMD ("Hussain") is, upon information and belief, an individual domiciled in the State of Illinois. Dr. Hussain was, upon information and belief, a principal, owner and/or manager of "Dental Dreams LLC", a nonexistent entity; hence, personally liable for any judgment entered in favor of Plaintiff on claims asserted against Plaintiff's employer.

5.      "Dental Dreams LLC", referred to herein as the "Company", was, upon information and belief, a former limited liability company organized and existing under the laws of the Commonwealth of Massachusetts, having a principal place of business located at 689 Cresent Street, in the city of Brockton, County of Plymouth, Commonwealth of Massachusetts; and a registered agent % CT Corporation System, 155 Federal Street, Suite 700, Boston, Massachusetts 02110-1727. The Company's juridical form was revoked by court order or the Secretary of the Commonwealth on December 30, 2022.

6.      The Company was, upon information and belief, a subsidiary, affiliate, joint venture or partner, alter ego, and/or under common ownership of "Dental Dreams, LLC", upon

2

information and belief, an inactive assumed name of Dental Experts, LLC of the State of Illinois. having a principal place of business located at 350 North Clark Street, 6th Floor, in the city of Chicago, County of Cook, State of Illinois. The Office of the Secretary of State of Illinois revoked the good standing of Dental Experts, LLC effective May 1, 2023.

7.      Accordingly, Plaintiff is aware of no *de jure* corporate form for the Company that owns and operates the dental clinic where Plaintiff worked (the "Clinic").

8.      Brenna Brutzkus ("Brutzkus") is, upon information and belief, an individual residing in the State of Illinois. Brutzkus is the senior director of doctor recruitment and relations of the Company.

9.      Jennifer Kight ("Kight") is, upon information and belief, an individual residing in the Commonwealth of Massachusetts. Kight is the regional manager of the Company and oversees multiple clinics, including the Clinic.

10.     The Company, Hussain, Brutzkus, and Kight may be collectively referred to herein as "Defendants".

11.     Defendants XYZ Corps. 1–10, are fictitious names for corporations, agencies, financiers, or other juridical entities that may or may not be divisions, subsidiaries or otherwise affiliated with other defendants, not currently known, and which may be found to be liable to Plaintiff for having participated in, cooperated with, facilitated and/or contributed to one or more of the defendants' breaches, tortious or other acts or omissions complained of herein.

12.     Defendants John/Jane Does 1-10 are individuals whose identities are currently not known to Plaintiff but who may have aided, abetted and/or conspired with Defendants in performing any acts or omissions complained of herein, or otherwise have acted independently of in inflicting upon Plaintiff the harms and injuries complained of herein.

**VENUE**

13.     Venue is proper pursuant to the employment agreement between Plaintiff and the Company, and *R.* 4:3-2(3) of the current N.J. Court Rules, 1969, as the county wherein Plaintiff resides at the time of its commencement.

**STATEMENT OF CLAIM**

14.     On or about December 10, 2021, Plaintiff entered a putative employment agreement (the "Contract") with the Company. The Contract selects the law of the State of Illinois which is substantially similar to that of New Jersey with respect to the claims asserted herein, Dental Dreams' domicile, as governing.

THE CONTRACT

15.     Pursuant the Contract, Plaintiff's wages are the greater of $750 for each workday or a percentage of her bi-weekly production, less certain costs and fees.

16.     The Contract further provides that Plaintiff was also to commence her employment with the Company the later of (1) August 8, 2022, and (2) completion of her Medicaid enrollment (the "Commencement Date").

17.     Prior to commencing work with Defendant, another of the Company's employees, a dentist by the name of Dr. Kim, reached out to Plaintiff claiming to want to establish a good working relationship in advance of the Commencement Date.

18.     Dr. Kim alleged she was an influential member of the Clinic staff and could arrange it so that Plaintiff could start working immediately.

19.     Plaintiff's actual Commencement Date was September 19, 2022.

20.     The Contract also contains a provision for liquidated damages, which purports to assess $500 per day of "liquidated damages" for any day Plaintiff did not work during a 90-day notice of termination.

21.     Said provision for liquidated damages is an unenforceable penalty that is tantamount to the forced servitude of Plaintiff by the Company, especially when the termination, as described herein in detail, was occasioned by the Defendant's unethical employment practice.

TIMELINE OF SPECIFIC REPORTS AND COMPLAINTS, AND RETALIATORY CONDUCT

22.     On October 26, 2022, shortly after commencing her employment with the Company, Plaintiff received a patient complaint to the effect that a certain Dr. Bakhsh did or does not change his gloves between treating patients.

23.     As a result, Plaintiff reported the complaint to Leslie, the Clinic manager.

24.     However, surprisingly, Leslie never acted upon Plaintiff's report.

25.     At or about the same time, Plaintiff observed that the Clinic receptionists were assigning her inmate patients with whom she was uncomfortable due to their mistreatment of Plaintiff.[1]

26.     After consulting with Dr. Kim, Plaintiff was advised she could simply instruct the receptionists to assign her fewer inmates.

27.     However, upon making such a request, Defendant responded with a pretextual meeting with Dr. Fink to address purely clinical questions. In reality, Plaintiff found herself in a meeting with Kight and Leslie, as well as Dr. Fink where they accused her of not seeing enough patients, of avoiding/refusing inmate patients, and even refusing to see other providers' patients. None of this was true.

---

[1]     The Clinic provides regular services to inmates and correctional facilities.

28.     Indeed, just the morning of the meeting Plaintiff performed restorations and surgical extractions on inmate patients that were both under Plaintiff's and another provider's care.

29.     The ensuing fracas was severe enough to cause even Kight, Defendants' regional manager, to reach out and admit the overblown reaction, saying "I hope you don't feel ganged up on."

30.     On November 1, 2023, Plaintiff treated a patient, who, after clinical and radiographic examination, needed an extraction with possible severe complications.

31.     After examining SQ, Plaintiff advised Leslie that it was imperative SQ see an oral surgeon as soon as possible, as Defendant did not have the necessary equipment after diagnostic imaging to safely treat SQ at the Clinic.

32.     However, in response, Defendant scheduled SQ to see Dr. Bakhsh under the guise of being an oral surgeon, which Dr. Bakhsh is not.

33.     After consulting the patient, even Dr. Bakhsh confirmed SQ could not be treated by Defendant at the Clinic.

34.     Upon Plaintiff's inquiry, Carmen, a Clinic receptionist, advised her that Leslie alleged Defendant has an in-house oral surgeon and represents the same to patients.

35.     On November 16, 2022, Defendant called for the meeting accusing Plaintiff that she is not refusing to see patients when in reality it was for clinical acceptable reasons, referring for medical consult as well as oral surgery/specialty.

36.     In fact, it is the Company, through the receptionists, that controls which patients get assigned to which provider.

6

37.     The next day, Plaintiff examined a patient whose recollection of his own medical history was uncertain, and who also advised he recently began taking anticoagulants.

38.     Considering the treatment plan for said patient required surgery (for, *inter alia*, tooth extractions), Plaintiff exercised sound clinical judgment and referred the patient for medical clearance prior to treatment by an oral surgeon.

39.     After discharging the patient, Plaintiff then saw the same patient sitting in Dr. Bakhsh's chair for the extraction (i.e.: surgery) to be completed that same day.

40.     Notably, that provider treating that patient is not an oral surgeon.

41.     Notwithstanding Plaintiff's safety concerns and numerous and continued objections to this misrepresentation, Defendants' reception team continued to refer to the dentist.

42.     These and other incidents evidence that Defendant was overruling Plaintiff's sound clinical judgment in order to maximize profit over safety, attempting to keep procedures "in-house" while placing patients' health at avoidable, unnecessary risk.

43.     In the face of nonaction, Plaintiff escalated her reports directly to Dr. Fink, who admonished her, in sum and substance, that what happens to patients after Plaintiff discharges them is none of her business.

44.     On February 10, 2023, the Clinic received more reports of Dr. Bakhsh's failure to adhere to professional treatment standards. Specifically, a correctional facility reported that Dr. Bakhsh dangerously left a sharp instrument in a patient's mouth and discharged him.

45.     Obviously, this oversight – if it was oversight – is an egregious deviation, particularly given the prohibition and danger of sharp objects in correctional facilities.

46.     In addition, when filing her federal tax return, Plaintiff realized that Defendant had failed to withhold taxes and contacted Chloe, the Company's credentialling specialist. Chloe

indicated that Plaintiff had to "consent" to withholding, which she did via electronic mail, and believed that would be done going forward.

47.     Nevertheless, this failure continued throughout her employment.

48.     Then, on March 17, 2023, Plaintiff reported an issue with clinical notes not being correctly logged or otherwise being deleted.

49.     In response, Kight stated "the suggestion that either myself or anyone else in the organization are deleting your clinical notes to subsequently adjust [sic] you is not factual and insulting".

50.     Ultimately, it was uncovered Leslie was failing to log the notes correctly after walking patients out of the clinic, resulting in loss of the notes.

51.     Later, on March 29, 2023, Plaintiff inquired about paid sick leave.

52.     Kight responded to her by stating Plaintiff does "not have paid time off."

53.     Such a statement is clearly intended to mislead Plaintiff and keep her from knowing her rights as an employee.

54.     Notably, even under the Contract, Plaintiff is entitled to paid time off. Ex. A, ¶ 26 ("Vacation Benefits").

55.     Plaintiff's inquiry was about sick leave, which Plaintiff is entitled to by statute, not only vacation time.

56.     It was not until after Plaintiff further escalated her query that Defendant finally admitted they are required to pay one hour of sick leave for every 40 hours of work, up to 40 hours per year.

57.     The toxicity in the Clinic work environment markedly increased from there, particularly after March 31, 2023, when the reputedly highly influential Dr. Kim was on vacation.

58.     Dr. Kim had a policy that while on vacation only Plaintiff should treat Dr. Kim's patients for crowns or dentures during her absence, as she "trusted" Plaintiff.

59.     Despite this directive and although at least one of Dr. Kim's patients was placed on Plaintiff's schedule, which Plaintiff thought was acceptable but upset Dr. Kim. Plaintiff had occasion to observe that Dr. Kim's patients were appearing on other providers' schedules while Dr. Kim was on vacation.  Upon information and belief, Dr. Kim's Drug Enforcement Agency (DEA) license was used for Dr. Bakhsh for a lengthy period of time.

60.     After Plaintiff notified her, Dr. Kim terrorized Plaintiff with phone calls and text messages, demanding Plaintiff fix Defendant's error.

61.     However, due to her own busy patient schedule, Plaintiff was not able to accommodate Dr. Kim's needs immediately, exposing Plaintiff to further ire from Dr. Kim, and even more harassment and abuse.

62.     Kight conceded to Plaintiff that Dr. Kim "doesn't say nice things about you", that Dr. Kim's "style" is to be "nice to get you hooked then [be] very diabolical thereafter". Dr. Kim had previously divulged private text messages between herself and Plaintiff to defendant Kight, without Plaintiff's consent, and in such a manner as to cast Plaintiff in a bad light.

63.     Almost immediately after Dr. Kim's vacation episode, Defendant started assigning Plaintiff an unusual number of peculiar and difficult to manage patients.

64.     Upon investigating, she realized that many of the patient notes had descriptions such as "requested to see [Plaintiff]".

65. However, upon asking these unusual patients about their preference to see Plaintiff, none of them responded that they had requested her specifically.

66. Indeed, most of them had never even met or spoken to Plaintiff before.

67. Realizing the weight of Defendant's concerted efforts to harass and retaliate against her, Plaintiff suffered a severe panic attack while working at the Clinic on May 11, 2023.

68. As a result, Plaintiff suffered loss of control of her hands, which were shaking uncontrollably for the remainder of the day.

69. Unable to perform adequately without motor control, Plaintiff left work early that day and went to the Hartford Hospital emergency department.

70. Plaintiff followed up with her own healthcare provider in New Jersey a few days later and was diagnosed with post-traumatic stress disorder ("PTSD") and depression from mistreatment and ostracism, for which she was prescribed medication to help treat her symptoms.

71. Plaintiff has engaged in talk therapy and is also considering a suggestion for PHP (partial hospitalization program).

72. Despite reporting these incidents, and rather than addressing the described behavior, Defendant targeted Plaintiff for standing up against unethical, dangerous, and in some instances, downright illegal dental practices.

73. To add insult to injury, when Plaintiff advised them of her serious medical conditions, instead of being sympathetic and accommodating in response, Defendant heartlessly responded, threatening to invoke the liquidated damage provision as a way to penalize her.

OTHER REPORTS AND COMPLAINTS

10

74.    Under Defendant's administration, the Clinic is such that receptionists and dental assistants are the more enduring employees compared to professional Dentists.

75.    Dentists at the Clinic have a higher turnover rate than staff and, thus, are treated disrespectfully by Clinic staff even in front of patients.

76.    This impertinence takes the form of throwing of dental instruments and other flippant behavior and is further evident in administrative staff and dental support staff overruling Plaintiff's and other providers' clinical decisions.

77.    When Plaintiff voiced her concerns, this behavior from some of the Clinic staff became even more pronounced.

78.    Such retaliatory behavior also included Plaintiff's actual bi-weekly production (*i.e.*, patient-treatment) often being mishandled.

79.    Plaintiff's pay is partially contingent on her production.

80.    However, Plaintiff's production was often miscalculated or credited to the wrong provider, despite Plaintiff performing the majority of the treatment(s).

81.    Defendant also repeatedly chastised Plaintiff for allegedly having a lower production than other dentists and threatened to lower her contractual minimum daily compensation.

82.    The criticism was not only unfair but knowingly false as Defendant's staff are the gatekeepers who control how many patients Plaintiff would see each day.

83.    Throughout her term of employment, Plaintiff had witnessed and been subject to multiple incidents of yelling and other threatening, abusive conduct by administrators in Defendant's workplace.

84.     When Plaintiff initially came to the defense of other dentists and certain staff being subject to hostile and toxic behavior, she too became the object of such behavior.

85.     This also applied to incidents of discrimination, such as when one of the dental assistants, Nadia, was being ridiculed by the receptionist, Lisa, for not a speech impediment limiting her communications.

86.     Plaintiff was the victim of a similarly discriminatory incident where one of the dental assistants made a sexually discriminatory and disparaging remark to Plaintiff, alleging in effect, the sick days taken were pretexts for consort with her "sugar daddy".

87.     Despite Plaintiff reporting each of these incidents of discriminatory conduct to Defendant, no disciplinary action was undertaken in response.

88.     In fact, to the contrary, Defendant appeared to engage in a pattern of discriminatory conduct themselves as at least one staff member's employment was terminated the day after she disclosed her pregnancy.

89.     Plaintiff also reported instances of unethical behavior. For example, in reviewing a radiograph, Plaintiff discovered harm Dr. Bakhsh caused by proceeding to install a crown even after having perforated the patient's mouth while inserting a post/core. Dr. Bakhsh did not report this incident. Sound clinical judgment precludes such implantation in these circumstances – or at least to report the incident to both the patient and Company.

90.     In another instance, Dr. Bakhsh left an inappropriate and unprofessional note in a patient's file, alleging the patient's mother "was on drugs", and another instance when Dr. Bakhsh and Dr. Lee was the one found the radiograph with the harm done to the patient.

91.     Defendant's administrative staff also regularly operated in an unprofessional, callous, and unethical manner.

12

92.     For example, Kight would often gossip about inmate patients and, apparently, disclose their criminal histories. Kight stated that drama in any office is "normal".

93.     In one instance, she disclosed that a sixteen-year-old patient killed her own mother.

94.     Defendant also willingly and knowingly received direct payments for treatments that were covered by insurance but had a policy of accepting and processing payments first and asking questions later.

95.     Notwithstanding Plaintiff's numerous reports and complaints, Defendant continued to pressure Plaintiff throughout this period to keep all treatment "in-house" and not refer treatment elsewhere, regardless of medical necessity.

96.     However, given the Clinic's severe shortage of equipment (Plaintiff's requests for new mirrors for examinations were routinely ignored) and certified staff (there are no oral surgeons), there were many procedures the Clinic was simply not adequately equipped to provide.

97.     Defendant's response to Plaintiff's numerous complaints and reports of impropriety and a hostile work environment is telling: defendant Kight's response was "we pick people up from the street. We cannot teach them manners."

DEFENDANT'S ILLEGAL EMPLOYMENT PRACTICES

98.     During the course of Plaintiff's employment, Defendant never withheld all required federal, state, and local employment and payroll taxes.  Plaintiff's repeated demands for the withholding of appropriate taxes and the issuance of pay stubs and W2 reflecting such deductions simply fell on deaf ears.

**FIRST CAUSE OF ACTION**

(CEPA– RETALIATION)
*N.J.S.A.* 34:19-3

99.     Plaintiff repeats, realleges and incorporates by reference the allegations in all preceding paragraphs as though set forth herein verbatim.

100.     Plaintiff was formerly employed by Defendant, who was subject to CEPA, *N.J.S.A.* 34:19-3.

101.     Plaintiff complained and objected directly to her employer of, *inter alia*, violations of regulated clinical/dental/hygienic/medical standards and conditions, along with other statutes and legislation, in the Company's business operations and conduct.

102.     Plaintiff further complained and objected directly to her employer and superiors of Defendants' practice of altering, fabricating, and falsifying business records in hopes of justifying unnecessary treatment procedures the Clinic was sometimes not adequately equipped to provide.

103.     In response to her complaints and reports, Defendant constructively terminated Plaintiff.

104.     Defendant controlled the terms and conditions of employment. They also knew or showed reckless disregard for whether their conduct was prohibited by statute.

*105.*     As such, Defendant's retaliatory conduct was a willful violation of CEPA, for which they are civilly liable pursuant to *N.J.S.A. 34:19-3*.

106.     As a consequence, Plaintiff suffered damages in an amount to be determined at trial.

**SECOND CAUSE OF ACTION**
(NJLAD –DISCRIMINATION)
*N.J.S.A.* 10:5-12

14

107.     Plaintiff repeats, realleges and incorporates by reference the allegations in all preceding paragraphs as though set forth herein verbatim.

108.     Plaintiff was formerly employed by Defendant, who was subject to New Jersey LAD, *N.J.S.A.* 10:5-1 *et seq*.

109.     Plaintiff is a woman of Korean descent.

110.     Defendant disparaged or otherwise allowed discriminatory conduct against Plaintiff and other staff members for supposedly being unable to efficiently communicate in English and openly alleging Plaintiff was malingering for a "sugar daddy".

111.     These comments are intimidating, hostile and/or abusive, and impliedly threatened her job security.

112.     The individual defendant, as employer, had a duty to prevent discriminatory conduct in the workplace.

113.     Instead, they partook in it by making discriminatory comments and implementing discriminatory policies.

114.     Defendant willfully subjected Plaintiff to discrimination in violation of *N.J.S.A.* 10:5-12(a).

115.     As a consequence, Plaintiff suffered damages in an amount to be determined at trial.

## **THIRD CAUSE OF ACTION**
(NJLAD – REPRISAL)
*N.J.S.A.* 10:5-12(d)

116.     Plaintiff repeats, realleges and incorporates by reference the allegations in all preceding paragraphs as though set forth herein verbatim.

117.     Plaintiff was formerly employed by Defendant, who was subject to New Jersey LAD, *N.J.S.A.* 10:5-1 *et seq.*

118.     Plaintiff was between forty (40) and fifty-seven (57) years old over the course of her employment.

119.     Plaintiff is a woman of Korean descent.

120.     Defendant disparaged or otherwise allowed discriminatory conduct against Plaintiff and other staff members for supposedly being unable to efficiently communicate in English and alleging Plaintiff has a "sugar daddy".

121.     These comments are intimidating, hostile and/or abusive, and impliedly threatened her job security.

122.     The Defendant had a duty to prevent discriminatory conduct in the workplace.

123.     Instead, they partook in it by making discriminatory comments and implementing discriminatory policies, and ultimately constructively terminating Plaintiff's employment.

124.     Defendant controlled the terms and conditions of employment. They also knew or showed reckless disregard for whether their conduct was prohibited by statute.

125.     Defendant terminated Plaintiff because she "opposed . . . practices or acts forbidden under [LAD.]" *N.J.S.A.* 10:5-12(d).

126.     As such, Defendant's actions constituted an unlawful and willful "reprisal" in violation of LAD, *N.J.S.A.* 10:5-12(d).

127.     As a consequence, Plaintiff suffered damages in an amount to be determined at trial.

**FOURTH CAUSE OF ACTION**
(NJLAD – CONSTRUCTIVE DISCHARGE)
*N.J.S.A.* 10:5-12

16

128.    Plaintiff repeats, realleges and incorporates by reference the allegations in all preceding paragraphs as though set forth herein verbatim.

129.    Plaintiff was formerly employed by Defendant, who was subject to New Jersey LAD, *N.J.S.A.* 10:5-1, to -50.

130.    Defendant's above-described conduct was knowing and willful.

131.    The Defendant had a duty to prevent discriminatory conduct in the workplace.

132.    Defendant knowingly created and permitted conditions of discrimination, disparagement, harassment, and retaliation that were so intolerable a reasonable person subject to them would resign.

133.    Plaintiff necessarily worked in close proximity and frequent interaction with Defendants responsible for said conditions.

134.    Plaintiff did what was necessary and reasonable in order to remain employed rather than simply quit.

135.    Plaintiff resorted in good faith to Defendant's internal grievance procedures, but such resort visited only more harassment and intolerable treatment upon Plaintiff.

136.    Defendant controlled the terms and conditions of employment. They also knew or showed reckless disregard for whether their conduct was prohibited by statute.

137.    As such, Plaintiff was or would have been constructively discharged for practices prohibited by the LAD. *N.J.S.A.* 10:5-12

138.    As a consequence, Plaintiff suffered damages in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION
(PSLA – RETALIATION)
*N.J.S.A.* 34:11D-4(a)

139.    Plaintiff repeats, realleges and incorporates by reference the allegations in all preceding paragraphs as though set forth herein verbatim.

140.    Plaintiff was formerly employed by Defendant, who was subject to PSLA, *N.J.S.A.* 34:11D-4(a).

141.    Plaintiff lawfully accrued sick days and vacation time during her employment with Defendants.

142.    Plaintiff sought to use her lawfully accrued sick days in response to presenting with, *inter alia*, PTSD symptoms.

143.    In response, Defendant terminated Plaintiff's employment.

144.    Defendant controlled the terms and conditions of Plaintiff's employment. They also knew or showed reckless disregard for whether their conduct was prohibited by statute.

145.    Defendant terminated Plaintiff because she "request[ed] or use[d] earned sick leave[.]" *N.J.S.A.* 34:11D-4(a).

146.    As such, Defendant's actions constituted unlawful and willful retaliation in violation of PSLA, *N.J.S.A.* 34:11D-4(a).

147.    As a consequence, Plaintiff suffered damages in an amount to be determined at trial.

### SIXTH CAUSE OF ACTION
### (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

148.    Plaintiff repeats, realleges and incorporates by reference the allegations in all preceding paragraphs as though set forth herein verbatim.

149.    The afore-described conduct of Defendants was intentional, directed at Plaintiff in order to cause Plaintiff grave distress.

150.    Defendant's conduct was extreme and outrageous.

18

151.    Defendant's conduct, together with placing Plaintiff's personal and professional reputation and ability to perform in jeopardy proximately caused Plaintiff extreme emotional distress.

152.    Plaintiff timely sought and continues to receive professional therapy as a direct and proximate result of Defendants' intentional, malicious, and willful conduct.

153.    As a consequence, Defendant is liable for damages Plaintiff suffered in an amount to be determined at trial, as well as exemplary damages, reasonable attorney fees and costs of suit.

## SEVENTH CAUSE OF ACTION
### (BREACH OF AGREEMENT/CONTRACT)

154.    Plaintiff repeats, realleges and incorporates by reference the allegations in all preceding paragraphs as though set forth herein verbatim.

155.    The Company, by way of the Contract, agreed to compensate Plaintiff fairly in accordance with her production.

156.    This notwithstanding, the Company failed or otherwise refused to calculate and pay such compensation correctly, thereby violating the said agreement/contract.

157.    Plaintiff performed her obligations under the agreement/contract by rendering services thereunder.

158.    Defendant's breach of the agreement/contract has caused Plaintiff to suffer damages.

159.    As a consequence, Plaintiff suffered damages in an amount to be determined at trial.

## EIGHTH CAUSE OF ACTION
### (DECLARATORY JUDGMENT)

160.     Plaintiff repeats, realleges and incorporates by reference the allegations in all preceding paragraphs as though set forth herein verbatim.

161.     The Contract at issue contains a liquidated damages provision that is an unconscionable and unenforceable penalty.

162.     The liquidated damages provision is unenforceable under Illinois law specified in the Contract, as well as domestic common and statutory law.

163.     Enforcement of the liquidated damages provision of the Contract under the circumstances of this case would contravene New Jersey public policy.

164.     Defendant was the scrivener of the Contract.

165.     Plaintiff is therefore entitled to a declaration the Contract provision (and others) is null and void.

166.     In the alternative, Plaintiff is entitled to equitable rescission of the Contract.

167.     There is a real and justiciable controversy between the parties as to the validity of such provisions in the Contract.

168.     Plaintiff has an interest in this lawsuit and the Contract.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff requests that this Court enter an order in favor of Plaintiff and against Defendants:

1. Awarding compensatory damages, statutory damages, front pay, back pay, punitive damages, damages for emotional distress and suffering, and reasonable attorneys' fees and costs in an amount to be determined at trial on Plaintiff's first cause of action;

2.  Awarding compensatory damages, statutory damages, punitive damages, front pay, back pay, damages for emotional distress and suffering, and reasonable attorneys' fees and costs in an amount to be determined at trial on Plaintiff's second cause of action;

3.  Awarding compensatory damages, statutory damages, punitive damages, front pay, back pay, damages for emotional distress and suffering, and reasonable attorneys' fees and costs in an amount to be determined at trial on Plaintiff's third cause of action;

4.  Awarding compensatory damages, statutory damages, punitive damages, front pay, back pay, damages for emotional distress and suffering, and reasonable attorneys' fees and costs in an amount to be determined at trial on Plaintiff's fourth cause of action;

5.  Awarding compensatory damages, statutory damages, punitive damages, front pay, back pay, damages for emotional distress and suffering, and reasonable attorneys' fees and costs in an amount to be determined at trial on Plaintiff's fifth cause of action;

6.  Awarding compensatory damages, punitive damages, front pay, back pay, damages for emotional distress and suffering, and reasonable attorneys' fees and costs in an amount to be determined at trial on Plaintiff's sixth cause of action;

7.  Awarding compensatory, consequential, and incidental damages, front pay, back pay, cost of cure, and reasonable attorneys' fees and costs in an amount to be determined at trial on Plaintiff's seventh cause of action;

8. Declaring the Contract null and void and/or invalidating the liquidated damages provision on Plaintiff's eighth cause of action;

9. Costs of suit incurred herein with respect to all counts;

10. Reasonable attorney's fees and costs incurred herein with respect to all counts; and

11. Such other and further relief as the Court may deem just and proper.

### JURY DEMAND PURSUANT TO RULES 1:8-1(b) & 4:35-1(a)

Plaintiff hereby demands a trial by jury on all issues so triable.

### DESIGNATION OF TRIAL COUNSEL PURSUANT TO RULES 4:5-1(c) AND 4:25-4

Plaintiff hereby designates Joshua S. Lim, Esq., subject to the right to substitute counsel in the time and in the manner permitted by the Rules.

Dated: Palisades Park, NJ

June 15, 2023

Respectfully submitted,

**KIM, LIM & PARTNERS**

*Attorneys for Plaintiff*

By: /s **Joshua S. Lim**

Joshua S. Lim, Esq.

### CERTIFICATION PURSUANT TO RULE 4:5-1(b)(2)

I hereby certify that:

(1)    the within matter in controversy is not the subject of any other action pending in any other court or arbitration.

(2)    no other action or arbitration proceeding is contemplated,

(3)    no other necessary non-party to be joined in the subject litigation because of potential liability to any party on the basis of the same transactional facts is presently known.

(4)    there is a continuing obligation during the course of the litigation to file and serve on all other parties and with the court an amended certification if there is a change in the facts stated in the original certification.

/s    **Joshua S. Lim**
Joshua S. Lim, Esq.

Dated: June 15, 2023

# Civil Case Information Statement

## Case Details: BERGEN | Civil Part Docket# L-003130-23

**Case Caption:** LEE JESSIE  VS SAMEERA HUSSAIN, DMD D/B/A

**Case Initiation Date:** 06/15/2023

**Attorney Name:** JOSHUA SEOUNG YOUNG LIM

**Firm Name:** KIM, CHO & LIM, LLC

**Address:** 460 BERGEN BLVD STE 305
PALISADES PARK NJ 07650

**Phone:** 2015857400

**Name of Party:** PLAINTIFF : Lee, Jessie, E

**Name of Defendant's Primary Insurance Company**
(if known): Unknown

**Case Type:** WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA)

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 6 JURORS

**Is this a professional malpractice case?**  NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Does this case involve claims related to COVID-19?** NO

**Are sexual abuse claims alleged by: Jessie E Lee?** NO

---

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** YES

**If yes, is that relationship:** Employer/Employee

**Does the statute governing this case provide for payment of fees by the losing party?** YES

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
    **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
    **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO

---

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

06/15/2023
Dated

/s/ JOSHUA SEOUNG YOUNG LIM
Signed

# EXHIBIT B

**KIM, CHO & LIM, LLC**
John Chen, Esq. (Bar Id: 265672018)
460 Bergen Boulevard, Suite 305
Palisades Park, New Jersey 07650
Tel.: (201) 585-7400
*Attorneys for Plaintiff*
johnchen@kcllawfirm.com

| | |
|---|---|
| JESSIE LEE,<br><br>      Plaintiff,<br><br> -against-<br><br>SAMEERA HUSSAIN, DMD d/b/a Dental Dreams; BRENNA BRUTZKUS, and JENNIFER KIGHT, XYZ CORPS. 1-10; JANE DOES nos. 1-10 (fictitious);<br><br>      Defendants. | SUPERIOR COURT OF NEW JERSEY<br>BERGEN COUNTY – LAW DIVISION<br>DOCKET NO.: BER-L-3130-23<br><br><br>CIVIL ACTION<br><br>**SUMMONS** |

From the State of New Jersey
To the Defendant named above:    **DENTAL DREAMS**

The Plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey.  The complaint attached to this summons states the basis for this lawsuit.  If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it.  (The address of each deputy clerk of the Superior Court is provided.)  If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971.  A filing fee payable to the Clerk of the Superior Court and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed.  You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above.  A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit.  If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live.  A list of these offices is provided.  If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services.  A list of these numbers is also provided.

Dated: **June 23, 2023**

              /s/ *Michelle M. Smith*
             ACTING CLERK OF THE SUPERIOR COURT

Name of Defendant to be served:  **DENTAL DREAMS**
Address for service:      **350 N. Clark Street, 6th Floor, Chicago, Illinois 60654**

# EXHIBIT C



SUPERIOR COURT OF NEW JERSEY, LAW DIVISION: BERGEN COUNTY

**JESSIE EUNSO LEE,**

     *Plaintiff(s) / Petitioner(s)*

v.

**SAMEERA HUSSAIN, DMD d/b/a Dental Dreams; BRENNA
BRUTZKUS; JENNIFER KIGHT; XYZ CORPS. 110; JANE
DOES nos. 1- 10 (fictitious):**

     *Defendant(s) / Respondent(s)*

DOCKET: BER-L-3130-23

### <u>AFFIDAVIT OF SERVICE</u>

I, Noe Ramirez, being duly sworn, state:

I, Noe Ramirez, declare under penalty of perjury that the following is true and correct:

At the time of service, I was a competent adult not having a direct interest in the litigation.

I served the following documents on Dental Dreams in Cook County, IL, on June 27, 2023, at 3:17 PM at
Dental Dreams, 350 N Clark St, 6th FL, Chicago, IL 60654, by leaving the following documents with Flora
Tron, who as Office manager is authorized by appointment or by law to receive service of process for
Dental Dreams.

Complaint
Summons (Dental Dreams)

Additional Description:
Flora Tron accepted the documents.

Hispanic or Latino Female, est. age 45-50, glasses: N, Brown hair, 120 lbs to 140 lbs, 5' 3" to 5' 6".
Geolocation of Serve: https://google.com/maps?q=41.888869,-87.631354
Photograph: See Exhibit 1

I DECLARE UNDER PENALTY OF PERJURY THAT THE FACTS HEREIN ARE TRUE AND
CORRECT.

Executed in

Cook County                                    ,

____IL____  on  ___6/28/2023_____  .

/s/ *Noe Ramirez*
_____

Signature
Noe Ramirez
+1 (708) 646-1070

# Exhibit 1

Exhibit 1a)



# EXHIBIT D

BERGEN COUNTY COURTHOUSE
SUPERIOR COURT LAW DIV
BERGEN COUNTY JUSTICE CTR RM 415
HACKENSACK        NJ 07601-7680

                          TRACK ASSIGNMENT NOTICE

COURT TELEPHONE NO. (201) 221-0700
COURT HOURS  8:30 AM - 4:30 PM

                         DATE:   JUNE 15, 2023
                         RE:     LEE JESSIE  VS SAMEERA HUSSAIN, DMD  D/B/A
                         DOCKET: BER L -003130 23


      THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 3.


      DISCOVERY IS   450 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.


      THE PRETRIAL JUDGE ASSIGNED IS:  HON ANTHONY R. SUAREZ


       IF YOU HAVE ANY QUESTIONS, CONTACT TEAM     001
AT:  (201) 527-2600.


      IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
      PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                         ATTENTION:
                              ATT: JOSHUA S. LIM
                              KIM, CHO & LIM, LLC
                              460 BERGEN BLVD
                              STE 305
                              PALISADES PARK   NJ 07650


ECOURTS

# EXHIBIT E

**Judiciary eCourts System - Civil Part**

Home    Help    Logout

CASE JACKET |

User:IVAN NOVICH

## Docket Number:  BER L 003130 - 23

Back

Create Summary Report

**Case Caption:** Lee Jessie Vs Sameera Hussain, Dmd D/B/A

| | | |
|---|---|---|
| **Court:** Civil Part | **Venue:** Bergen | **Case Initiation Date:** 06/15/2023 |
| **Case Type:** Whistleblower / Conscientious Employee Protection Act (Cepa) | **Case Status:** Active | **Jury Demand:** 6 Jurors |
| **Case Track:** 3 | **Judge:** Anthony R Suarez | **Team:** 1 |
| **# of Discovery Days:** 450 | **Age of Case:** 00 YR 01 MO | **Consolidated Case:** N |
| **Original Discovery End Date:** | **Current Discovery End Date:** | **# of DED Extensions:** 0 |
| **Original Arbitration Date:** | **Current Arbitration Date:** | **# of Arb Adjournments:** 0 |
| **Original Trial Date:** | **Current Trial Date:** | **# of Trial Date Adjournments:** 0 |
| **Disposition Date:** | **Case Disposition:** Open | **Statewide Lien:** |

| Plaintiffs (1) | Defendants (5) | ACMS Documents (2) | Fees (2) |
|---|---|---|---|

Jessie E Lee    AKA

### Case Actions

| Filed Date | Filings | Docket Text | Transaction ID | Entry Date |
|---|---|---|---|---|
| 06/15/2023 | 📎 ✉ | Complaint with Jury Demand for BER-L-003130-23 submitted by LIM, JOSHUA SEOUNG YOUNG, KIM, CHO & LIM, LLC on behalf of JESSIE E LEE against SAMEERA HUSSAIN, DMD D/B/A, BRENNA BRUTZKUS, JENNIFER KIGHT, XYZ CORPS. 110, JANE DOES NOS. 1-10 | LCV20231812976 | 06/15/2023 |
| 06/16/2023 | 📎 ✉ | TRACK ASSIGNMENT Notice submitted by Case Management | LCV20231820919 | 06/16/2023 |
| 06/28/2023 | 📎 ✉ | AFFIDAVIT OF SERVICE submitted by CHEN, JOHN of KIM, CHO & LIM, LLC on behalf of JESSIE EUNSO LEE against SAMEERA HUSSAIN, DMD D/B/A DENTAL DREAMS, BRENNA BRUTZKUS, JENNIFER KIGHT, XYZ CORPS. 110, JANE DOES NOS. 1-10 (FICTITIOUS) | LCV20231917794 | 06/28/2023 |

Showing 1 to 3 of 3 entries

# Case Summary

**Case Number:** BER L-003130-23

**Case Caption:** Lee Jessie  Vs Sameera Hussain, Dmd  D/B/A

| | | |
|---|---|---|
| **Court:** Civil Part | **Venue:** Bergen | **Case Initiation Date:** 06/15/2023 |
| **Case Type:** Whistleblower / Conscientious Employee Protection Act (Cepa) | **Case Status:** Active | **Jury Demand:** 6 Jurors |
| **Case Track:** 3 | **Judge:** Anthony R Suarez | **Team:** 1 |
| **Original Discovery End Date:** | **Current Discovery End Date:** | **# of DED Extensions:** 0 |
| **Original Arbitration Date:** | **Current Arbitration Date:** | **# of Arb Adjournments:** 0 |
| **Original Trial Date:** | **Current Trial Date:** | **# of Trial Date Adjournments:** 0 |
| **Disposition Date:** | **Case Disposition:** Open | **Statewide Lien:** |

## Plaintiffs
### Jessie E Lee AKA  Jessie Eunso Lee

| | | |
|---|---|---|
| **Party Description:** Individual | | **Attorney Name:** Joshua Seoung Young Lim |
| **Address Line 1:** | **Address Line 2:** | **Attorney Bar ID:** 020422004 |
| **City:** | **State:** | **Zip:** 00000 | **Phone:** |
| **Attorney Email:** JOSHUALIM@KCLLAWFIRM.COM | | |

## Defendants
### Sameera Hussain, Dmdd/B/A AKA  Sameera Hussain, Dmd D/B/A Dental Dreams

| | | |
|---|---|---|
| **Party Description:** Business | | **Attorney Name:** |
| **Address Line 1:** | **Address Line 2:** | **Attorney Bar ID:** |
| **City:** | **State:** | **Zip:** 00000 | **Phone:** |
| **Attorney Email:** | | |

### Brenna  Brutzkus

| | | |
|---|---|---|
| **Party Description:** Individual | | **Attorney Name:** |
| **Address Line 1:** | **Address Line 2:** | **Attorney Bar ID:** |
| **City:** | **State:** | **Zip:** 00000 | **Phone:** |
| **Attorney Email:** | | |

### Jennifer  Kight

| | | |
|---|---|---|
| **Party Description:** Individual | | **Attorney Name:** |
| **Address Line 1:** | **Address Line 2:** | **Attorney Bar ID:** |
| **City:** | **State:** | **Zip:** 00000 | **Phone:** |
| **Attorney Email:** | | |

### Xyz Corps. 110

| | | |
|---|---|---|
| **Party Description:** Fictitious | | **Attorney Name:** |
| **Address Line 1:** | **Address Line 2:** | **Attorney Bar ID:** |
| **City:** | **State:** | **Zip:** 00000 | **Phone:** |
| **Attorney Email:** | | |

### Jane Does Nos. 1-10 AKA  Jane Does Nos. 1-10 (Fictitious)

| | | |
|---|---|---|
| **Party Description:** Fictitious | | **Attorney Name:** |
| **Address Line 1:** | **Address Line 2:** | **Attorney Bar ID:** |
| **City:** | **State:** | **Zip:** 00000 | **Phone:** |
| **Attorney Email:** | | |

## Case Actions

| Filed Date | Docket Text | Transaction ID | Entry Date |
|---|---|---|---|
| 06/15/2023 | Complaint with Jury Demand for BER-L-003130-23 submitted by LIM, JOSHUA SEOUNG YOUNG, KIM, CHO & LIM, LLC on behalf of JESSIE E LEE against SAMEERA HUSSAIN, DMD D/B/A, BRENNA BRUTZKUS, JENNIFER KIGHT, XYZ CORPS. 110, JANE DOES NOS. 1-10 | LCV20231812976 | 06/15/2023 |
| 06/16/2023 | TRACK ASSIGNMENT Notice submitted by Case Management | LCV20231820919 | 06/16/2023 |

| 06/28/2023 | AFFIDAVIT OF SERVICE submitted by CHEN, JOHN of KIM, CHO & LIM, LLC on behalf of JESSIE EUNSO LEE against SAMEERA HUSSAIN, DMD D/B/A DENTAL DREAMS, BRENNA  BRUTZKUS, JENNIFER  KIGHT, XYZ CORPS. 110, JANE DOES NOS. 1-10 (FICTITIOUS) | LCV20231917794 | 06/28/2023 |